T.C. Memo. 2002-13

UNITED STATES TAX COURT

STEPHEN R. BARKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8576-00L.                    Filed January 10, 2002.

Stephen R. Barker, pro se.

<u>Sheara Gelman</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion for Summary Judgment, as supplemented,
filed pursuant to Rule 121(a).[1]  Respondent contends that there
is no dispute as to any material fact with respect to this

_____

[1]  All Rule references are to the Tax Court Rules of
Practice and Procedure, and all section references are to the
Internal Revenue Code, as amended.

collection review matter and that respondent's determination to proceed with collection should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, we are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion.

Background

On March 31, 2000, respondent mailed to petitioner a Final Notice Of Intent To Levy and Notice Of Your Right To A Hearing concerning petitioner's unpaid income tax liabilities for the years 1994 through 1997.[2]  On or about April 25, 2000, petitioner filed with the Internal Revenue Service Office of Appeals (Appeals Office)  Form 12153, Request for a Collection Due Process Hearing.

Petitioner attended the Appeals Office hearing in this matter and argued that the assessments for the years in issue were invalid inasmuch as the Appeals officer failed to produce Forms 23-C, Assessment Certificate--Summary Record of Assessments, for each year.  Although the Appeals officer did not provide petitioner with Forms 23-C for the years in issue, the Appeals officer did provide petitioner with Forms 4340 (Certificates of Assessments and Payments) for each year.

On July 18, 2000, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent would proceed with collection action for the years 1994 through 1997.  On August 9, 2000, petitioner filed with the Court a Petition For Levy Action Under

---

[2]  The Final Notice of Intent to Levy stated that petitioner owed amounts from prior notices, interest, and additional penalties for the years 1994, 1995, 1996, and 1997 totaling $13,087.62, $840,848.30, $1,007,312.01, and $409,622.75, respectively.

Code Section 6330(d) challenging the validity of the assessments for the years 1994 through 1997.

After filing an answer to the petition, respondent filed a Motion for Summary Judgment. Respondent contends that there is no issue as to a material fact, and that respondent's determination to proceed with collection should be sustained as a matter of law.

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and argued in support of respondent's motion. Although there was no appearance by or on behalf of petitioner at the hearing, petitioner did file a written statement with the Court pursuant to Rule 50(c) repeating the arguments in the petition. Following the hearing, respondent filed a Supplement to Motion for Summary Judgment, attaching thereto Forms 4340 for each of the years in issue.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days prior to enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of

intent to levy, including notice of the administrative appeals available to the person.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for persons subject to collection actions. Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with collection until the person has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that may be raised by a person at an Appeals Office hearing. Section 6330(c)(1) first provides that the Appeals officer shall obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested only

at an Appeals Office hearing if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.

Petitioner contends that before respondent may proceed with the planned levy action, respondent must demonstrate under section 6330(c)(1) that the underlying tax assessments for the years 1994 through 1997 are valid.  Petitioner argues that respondent failed to verify or prove that the assessments in question are valid inasmuch as respondent failed to provide petitioner with Forms 23-C.

Section 6203 provides:

SEC. 6203.  METHOD OF ASSESSMENT.

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary.  Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment.

Section 301.6203-1, Proced. & Admin. Regs., requires an assessment to be made "by an assessment officer signing the summary record of assessment"; i.e., a Form 23-C.  See Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001).

Although Federal tax assessments are formally recorded on Form 23-C, we have held that Forms 4340 are presumptive evidence on which an Appeals officer may rely to verify that an assessment

was made against a person for purposes of sections 6320 and 6330.

In particular, in Davis v. Commissioner, supra at 40-41, we held:

> Generally, courts have held that Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203. See Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir. 1993); Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992); Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); United States v. Chila, 871 F.2d 1015, 1017-1018 (11th Cir. 1989); United States v. Miller, 318 F.2d 637, 638-639 (7th Cir. 1963). "Certificates of Assessments and Payments are 'routinely used to prove that tax assessment has in fact been made.' They are 'presumptive proof of a valid assessment.'" Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992) (quoting Geiselman v. United States, supra at 6). The Form 4340 reflecting petitioner's income tax liabilities for the years in issue indicates that those tax liabilities were properly assessed and remain unpaid. Petitioner has not demonstrated any irregularity in the assessment procedure that would raise a question about the validity of the assessments. We therefore hold that it was not an abuse of discretion for Appeals to rely on a Form 4340 in this case for the purpose of complying with section 6330(c)(1).

Cf. Nicklaus v. Commissioner, supra at 120-121.

As in Davis v. Commissioner, supra, and Nicklaus v. Commissioner, supra, petitioner has not shown, or even alleged, any irregularity in respondent's assessment procedures, including the preparation of Form 23-C, that would raise a question as to the validity of the assessments in this case. Petitioner merely wants to assure himself that the Forms 23-C were properly executed. However, consistent with the precedents cited above, we hold that respondent is not required to produce the Forms 23-C

without some showing by petitioner of an irregularity in the process.

Because petitioner has not raised any valid claim, such as a spousal defense or an alternative means of collection, such claims are deemed to be conceded. Rule 331(b)(4). Because there is no dispute as to any material fact and a decision may be rendered as a matter of law, we shall grant respondent's Motion for Summary Judgment, as supplemented.

To reflect the foregoing,

<u>An order granting respondent's motion for summary judgment, as supplemented, and decision will be entered</u>.